JACQUELINE P. COX

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| MISZKOWICZ, STEVEN | § | Case No. 11-40844 |
| GIPPLE, CONNIE | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   .   The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

Funds were disbursed in the following amounts:

Payments made under an interim
disbursement
Administrative expenses
Bank service fees
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

Leaving a balance on hand of[1]                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                and the deadline for filing governmental claims was                . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $        [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $        [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/PHILIP V. MARTINO_____
                                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Form 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 11-40844 | JPC | Judge: JACQUELINE P. COX | Trustee Name: | PHILIP V. MARTINO |
| Case Name: | MISZKOWICZ, STEVEN | | | Date Filed (f) or Converted (c): | 10/07/11 (f) |
| | GIPPLE, CONNIE | | | 341(a) Meeting Date: | 11/09/11 |
| For Period Ending: | 01/08/15 | | | Claims Bar Date: | 03/12/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Estimated Net Value<br>(Value Determined by Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) Abandon | Sale/Funds<br>Received by<br>the Estate | Asset Fully Administered (FA)/<br>Gross Value of Remaining Assets |
| 1. CASH: EMERGENCY CASH ON HAND LOCATION: ON PERSON | 32.00 | 0.00 | | 0.00 | FA |
| 2. CHECKING ACCOUNT: CHASE BANK 2878 CHASE BANK 1348 | 700.31 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCOUNT: CHECKING ACCOUNT 7049 LOCATION: | 1.00 | 0.00 | | 0.00 | FA |
| 4. FURNITURE: COUCH, LOVESEAT, 3 CHAIRS, HUTCH, TABLE | 1,050.00 | 0.00 | | 0.00 | FA |
| 5. HOUSEHOLD: HOUSEHOLD GOODS, KITCHENWARE,<br>DISHWARE, | 1,750.00 | 0.00 | | 0.00 | FA |
| 6. OFFICE: 2 DESKS AND 5 USED COMPUTERS LOCATION: 200 | 350.00 | 0.00 | | 0.00 | FA |
| 7. BOOKS-MUSIC: BOOKS LOCATION: PUBLIC STORAGE- CHICA | 200.00 | 0.00 | | 0.00 | FA |
| 8. CLOTHES: ATTIRE FOR SELF AND SPOUSE LOCATION: PUBL | 600.00 | 0.00 | | 0.00 | FA |
| 9. JEWELRY: 2 WEDDING RINGS LOCATION: ON PERSON | 750.00 | 0.00 | | 0.00 | FA |
| 10. SPORTS-HOBBY: 1 LADIES CANNONDALE BIKE LOCATION: P | 200.00 | 0.00 | | 0.00 | FA |
| 11. INTEREST IN CHICAGO ADMINISTRATION TRUST SERVICES, | 1.00 | 0.00 | | 0.00 | FA |
| 12. INTEREST IN PREMIER PROPERTIES, LLC | 1.00 | 0.00 | | 0.00 | FA |
| 13. INTEREST IN PREMIER FINANCIAL GROUP, INC. | 1.00 | 0.00 | | 0.00 | FA |
| 14. INTEREST IN SEA LIFE PRODUCTS, INC., D/B/A HELATHQ | 1.00 | 0.00 | | 0.00 | FA |
| 15. INTEREST IN GREEN RECYCLING TECHNOLOGIES, INC. | 1.00 | 0.00 | | 0.00 | FA |
| 16. INTEREST IN THE 3 TREE GROUP. NEVADA LICENSE HAS L | 1.00 | 0.00 | | 0.00 | FA |
| 17. INTEREST IN MISZKOWICZ INVESTMENTS LIMITED PARTNER<br>    Lawsuit pending.  Payment made under preference claim (asset 18) | 1.00 | 0.00 | | 0.00 | FA |
| 18. PREFERENCE FROM ASSET 17 (u) | 0.00 | 101,787.00 | | 101,787.00 | FA |

| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $5,640.31 | $101,787.00 | | $101,787.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

**Form F**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   2

Exhibit A

| | | | | |
|---|---|---|---|---|
| Case No: | 11-40844   JPC   Judge: JACQUELINE P. COX | | Trustee Name: | PHILIP V. MARTINO |
| Case Name: | MISZKOWICZ, STEVEN | | Date Filed (f) or Converted (c): | 10/07/11 (f) |
| | GIPPLE, CONNIE | | 341(a) Meeting Date: | 11/09/11 |
| | | | Claims Bar Date: | 03/12/12 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/30/12          Current Projected Date of Final Report (TFR): 02/01/15

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: | 11-40844  -JPC | | | Trustee Name: | PHILIP V. MARTINO | |
| Case Name: | MISZKOWICZ, STEVEN | | | Bank Name: | ASSOCIATED BANK | |
| | GIPPLE, CONNIE | | | Account Number / CD #: | *******9945  Checking Account (Non-Interest Earn | |
| Taxpayer ID No: | *******6075 | | | | | |
| For Period Ending: | 01/08/15 | | | Blanket Bond (per case limit): | $ 5,000,000.00 | |
| | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/03/14 | 18 | Mark L. Miszkowicz TTE | Payment on Fraudulent Conveyance | 1241-000 | 25,446.75 | | 25,446.75 |
| 10/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 34.16 | 25,412.59 |
| 11/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 37.78 | 25,374.81 |
| 11/12/14 | 18 | Mark L. Miszkowicz TTE for Miszkowicz | Payment for adversary | 1241-000 | 76,340.25 | | 101,715.06 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 101,787.00 | 71.94 | 101,715.06 |
| Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 101,787.00 | 71.94 | |
| Less:  Payments to Debtors | | 0.00 | |
| Net | 101,787.00 | 71.94 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - ********9945 | 101,787.00 | 71.94 | 101,715.06 |
| | ------------------------ | ------------------------ | ------------------------ |
| | 101,787.00 | 71.94 | 101,715.06 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     101,787.00     71.94

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Case Number: 11-40844
Debtor Name: MISZKOWICZ, STEVEN

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|--------|-------------------------|-------------|-------|----------------|--------------|---------------|
| 001 3110-00 | Quarles & Brady LLP | Administrative | | $61,823.91 | $0.00 | $61,823.91 |
| 001 2100-00 | Philip V. Martino, Trustee | Administrative | | $8,339.35 | $0.00 | $8,339.35 |
| 000003 040 5800-00 | Department of the Treasury - Internal Revenue Service P.O. Box 7346 Philadelphia, PA 19101-7346 | Priority | | $5,490.30 | $0.00 | $5,490.30 |
| 000001 070 7100-00 | Discover Bank DB Servicing Corporation PO Box 3025 New Albany, OH 43054-3025 | Unsecured | | $13,263.87 | $0.00 | $13,263.87 |
| 000002 070 7100-00 | Discover Bank DB Servicing Corporation PO Box 3025 New Albany, OH 43054-3025 | Unsecured | | $9,305.85 | $0.00 | $9,305.85 |
| 000003B 070 7100-00 | Internal Revenue Service P.O. Box 7317 Philadephia, PA  19101-7346 | Unsecured | | $2,551.30 | $0.00 | $2,551.30 |
| 000004 070 7100-00 | Capital One Bank (USA), N.A. by American InfoSourc PO Box 71083 Charlotte, NC 28272-1083 | Unsecured | | $973.46 | $0.00 | $973.46 |
| 000005 070 7100-00 | Midland Credit Management, Inc. 8875 Aero Drive, Suite 200 San Diego, CA 92123 | Unsecured | | $10,400.69 | $0.00 | $10,400.69 |
| 000006 070 7100-00 | Michael LaPorta c/o Lynch & Stern LLP Attn: Justin Kaplan 150 S. Wacker Dr., Ste. 2600 Chicago, IL 60606 | Unsecured | | $52,875.00 | $0.00 | $52,875.00 |
| 000007 070 7100-00 | Linda Froschauer c/o Kozacky & Weitzel PC 55 W. Monroe, Suite 2450 Chicago, IL 60603 | Unsecured | | $38,361.77 | $0.00 | $38,361.77 |
| 000008 070 7100-00 | Illinois State Bank/North Shore Ban c/o Neal, Gerber & Eisenberg LLP Two N. LaSalle, Suite 1700 Chicago, IL 60602 | Unsecured | | $315,629.21 | $0.00 | $315,629.21 |

Page 2

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: January 08, 2015

Case Number:   11-40844
Debtor Name:   MISZKOWICZ, STEVEN

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000009 070 7100-00 | Illinois State Bank/North Shore Ban c/o Neal, Gerber & Eisenberg LLP Two N. LaSalle, Suite 1700 Chicago, IL 60602 | Unsecured | | $59,400.00 | $0.00 | $59,400.00 |
| | Case Totals: | | | $578,414.71 | $0.00 | $578,414.71 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-40844
Case Name: MISZKOWICZ, STEVEN
　　　　　　GIPPLE, CONNIE
Trustee Name: PHILIP V. MARTINO

　　　　　Balance on hand                                                    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: PHILIP V. MARTINO | $ | $ | $ |
| Attorney for Trustee Fees: Quarles & Brady LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Quarles & Brady LLP | $ | $ | $ |

　　　Total to be paid for chapter 7 administrative expenses        $_____

　　　Remaining Balance                                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

　　　Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | Department of the Treasury - | $ | $ | $ |

Total to be paid to priority creditors   $_____

Remaining Balance   $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $   have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be   percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Discover Bank | $ | $ | $ |
| 000004 | Capital One Bank (USA), N.A. by American InfoSourc | $ | $ | $ |
| 000005 | Midland Credit Management, Inc. | $ | $ | $ |
| 000006 | Michael LaPorta | $ | $ | $ |
| 000007 | Linda Froschauer | $ | $ | $ |
| 000008 | Illinois State Bank/North Shore Ban | $ | $ | $ |
| 000009 | Illinois State Bank/North Shore Ban | $ | $ | $ |
| 000003B | Internal Revenue Service | $ | $ | $ |

Total to be paid to timely general unsecured creditors   $_____

Remaining Balance                                                    $_____

        Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will
be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims
have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

        Tardily filed general (unsecured) claims are as follows:

NONE

        Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered
subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all
allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for
subordinated unsecured claims is anticipated to be        percent.

        Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered
subordinated by the Court are as follows:

NONE